UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20758-CIV-MGC

ANDRES BLANCO GARCIA and all others )
similarly situated under 29 U.S.C. 216(B), )
                                                                                                )
                Plaintiff, )
   vs. )
                                                                                                     )
ALLURE MANAGEMENT SERVICES, INC. )
QUANTUM PROPERTIES SERVICES LLC )
LUIS C NUNEZ, )
                                                                                                                           )
               Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO [DE 30]**

Plaintiff ANDRES BLANCO GARCIA responds to [DE 30] as follows:

1. Defendants ALLURE MANAGEMENT SERVICES, INC. and LUIS C. NUNEZ with the advice of counsel entered into a binding consent judgment, and they have no legal or factual basis for now breaching same.

2. Prior to executing the consent judgment, counsel for ALLURE MANAGEMENT SERVICES, INC. and LUIS C. NUNEZ contacted Plaintiff's counsel and requested that the undersigned Firm convince the Plaintiff to agree to the consent judgment and prepare the documents.

3. Thereafter, the undersigned obtained Plaintiff's agreement and prepared the documents and arranged for execution by Plaintiff. Counsel for ALLURE MANAGEMENT SERVICES, INC. and LUIS C. NUNEZ then had them execute the consent judgment and the undersigned prepared and filed the joint motion for entry of the consent judgment.

4. Not only are ALLURE MANAGEMENT SERVICES, INC. and LUIS C. NUNEZ now breaching the agreement without basis, they knowingly caused counsel for Plaintiff to perform unnecessary legal work and intentionally continue to do so.

## **MEMORANDUM OF LAW**

Although the instant matter does not technically concern a "settlement agreement" but rather a signed consent judgment, there seems no legal reason to allow Defendants to breach a contract they signed with advice of counsel.  "A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement prior to dismissal." *Le Bon Pain, Inc. v. Guyon and Co.*, 720 S. Supp. 983, 984-85 (S.D. Fla. 1989) (*citing Kent v. Baker*, III, 815 F.2d 1365, 1398 (11th Cir. 1987)). Such pertains to both written oral settlement agreements. *Welch v. North Am. Tank Line, Inc.*, 2008 WL 3982394, *2 (M.D. Fla.). Such concerns the "district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion." *South Beach Suncare, Inc. v. Sea & Ski Corp.*, 1999 WL 350458, *6 (S.D. Fla.).   "A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987) (*citing Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985).  Florida applies an objective test to determine whether a contract or a settlement may be duly enforced. *See Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) (the issue is not whether there was an "agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing").

Pursuant to Florida law, "[t]o compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Spiegel v. H. Allen Homes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003) ("uncertainty as to nonessential elements will not preclude enforcement of a settlement agreement"). Actual execution of a settlement agreement is not a prerequisite to the enforcement of a settlement agreement, but merely a procedural formality. *See Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. 3d DCA 1996). In fact, oral settlement agreements are often enforced by the courts, and such is governed by the law of contracts generally. However, in the instant matter, the Parties indeed did execute the Consent with advice of counsel.

*See, Enriquez v. Williams,* 2010 WL 3608463 (M.D. Fla.) (enforcing oral agreement, and holding that it was a settlement*); Hayes v. Nat'l Servs. Industries*, 196 F.3d 1252, 1254 (11th Cir. 1999). To determine whether a contract was entered into, courts apply traditional notions of offer and acceptance and to basic contract law, *Robbie*, 469 So. 2d at 1385. *See, Welch v. North Am. Tank Line, Inc.*, 2008 WL 3982394, *2-3 (M.D. Fla.). In addition, "[s]ettlement agreements are highly favored, and will be enforced whenever possible." *Robbie*, 469 So. 2d 1385; *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that "[w]e favor and encourage settlements in order to conserve judicial resources. We cannot allow a litigant to attack the integrity of the settlement process by attempting to recharacterize the focus of his litigation after he decides he is unhappy with the settlement."); *Lanza v. Damian Carpentry, Inc.*, 6 So. 3d 674, 675 (Fla. 1st DCA 2009) (rejecting attempt to repudiate a binding settlement agreement by raising ancillary issues after settlement had taken place). As stated, although the instant matter does not technically concern a "settlement agreement" but rather a signed consent

judgment, there seems no legal reason to allow Defendants to breach an enforceable and valid contract they signed with advice of counsel.

WHEREFORE, Plaintiff requests the Court deny Defendants' Motion, award Plaintiff all related attorneys' fees and allow Plaintiff (14) days to file a motion quantifying fees regarding this issue.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
**BY:__S/_____K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT FOLLOWING CM/ECF FILING ON _8/11/14_ TO:**

**ANTHONY MAXIMILLIEN GEORGES-PIERRE, ESQ.**
**REMER & GEORGES-PIERRE, PLLC**
**COURT HOUSE TOWER**
**44 WEST FLAGLER STREET**
**SUITE 2200**
**MIAMI, FL 33130**
**FAX: 305-416-5005**

**MICHAEL PAUL BENNETT, ESQ.**
**BENNETT AIELLO & COHEN**
**25 SE 2ND AVENUE**
**EIGHTH FLOOR**
**MIAMI, FL 33131**
**FAX: 305-358-9012**
**EMAIL: MBENNETT@BACLAWFIRM.COM**

BY:__S/____K. David Kelly_____
         K. DAVID KELLY, ESQ.