UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 14-Civ-20758-COOKE/TORRES**

ANDRES BLANCO GARCIA, and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

vs.

ALLURE MANAGEMENT SERVICES, INC.,
QUANTUM PROPERTIES SERVICES, LLC,
and LUIS C. NUNEZ,

    Defendants.

_____/

## OMNIBUS ORDER

    BEFORE ME are the Joint Motion for Entry of Consent Judgment as to Defendants Allure Management Services, Inc. and Luis C. Nunez, ECF No. 26, and Defendants Allure Management Services, Inc. and Luis C. Nunez's Motion to Strike Joint Motion for Entry of Consent Judgment, ECF No. 30. For the reasons stated below, the Joint Motion for Entry of Consent Judgment is **GRANTED**, and Defendants' Motion to Strike is **DENIED**.

    Plaintiff Andres Blanco Garcia brought suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216, for unpaid overtime wages and reimbursement of expenses related to fuel. On July 29, 2014, Garcia and Defendants Allure Management Services, Inc. and Luis C. Nunez executed an Consent Agreement that entitled Plaintiff to "take a Final Judgment against Defendants Allure Management Services, Inc. and Luis C. Nunez, jointly and severally, in the total amount of $25,000, which sum includes all damages, liquidated damages, attorneys' fees and costs in satisfaction of all claims . . ."

The Consent to Entry of Final Judgment essentially functions as a settlement agreement – just under a different name – so I shall construe it as such. The Eleventh Circuit requires that an FLSA compromise be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). After consideration of the parties' Agreement, I find that it is a fair and reasonable resolution of Plaintiff's claims. And as such, Defendants' refusal to abide by terms of the Consent to Entry of Final Judgment will not be entertained. *Le Bon Pain, Inc. v. Guyon and Co.*, 720 F. Supp. 983, 984-85 (S.D. Fla. 1989) (Nesbitt, J.) (citing *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987) ("A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement prior to dismissal.").  In fact, the Eleventh Circuit favors settlement of claims to avoid protracted and unnecessary litigation. Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1487 (11th Cir.) ("We favor and encourage settlements in order to conserve judicial resources. We cannot allow a litigant to attack the integrity of the settlement process by attempting to recharacterize the focus of his litigation after he decides he is unhappy with the settlement.").

Accordingly, it is **ORDERED and ADJUDGED** that the Joint Motion for Joint Motion for Entry of Consent Judgment as to Defendants Allure Management Services, Inc. and Luis C. Nunez, ECF No. 26, is **GRANTED**. Final Judgment is **ENTERED** in favor of Plaintiff Andres Blanco Garcia against Defendants Allure Management Services, Inc. and Luis C. Nunez. The Court shall retain jurisdiction to enforce the terms of the Consent Agreement. Plaintiff's case against Defendants Allure Management Services, Inc. and Luis C. Nunez is **DISMISSED** *with prejudice*. The Clerk shall **TERMINATE** Defendants Allure

Management Services, Inc. and Luis C. Nunez from this case. Defendants' Motion to Strike Joint Motion for Entry of Consent Judgment, ECF No. 30 is **DENIED**. All pending motions filed by Defendants Allure Management Services, Inc. and Luis C. Nunez are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 22ND day of December 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
Edwin G. Torres, U.S. Magistrate Judge
Counsel of record